## In re Tax on Evidences of Indebtedness of Life and Fire Insurance Companies Without Capital Stock.

Moyer, Dep. Att'y-Gen., July 9, 1928.—You have asked this department to advise you whether a life or fire insurance company not having capital stock and writing cash policies is subject to the provisions of the Act of July 13, 1923, P. L. 1085.

This Act of 1923 is an amendment of section 17 of the Act of June 17, 1913, P. L. 507, as amended by the Act of July 15, 1919, P. L. 955. Said section 17 of the Act of 1913, as amended, provides, *inter alia,* as follows: "That all scrip, bonds, certificates and evidences of indebtedness issued, and all scrip, bonds, certificates and evidences of indebtedness assumed, or on which interest

shall be paid, by any and every private corporation, incorporated or created under the laws of this Commonwealth or the laws of any other state or of the United States, and doing business in this Commonwealth, and all scrip, bonds, certificates and evidences of indebtedness issued, and all scrip, bonds, certificates and evidences of indebtedness assumed, or on which interest shall be paid, by any county, city, borough, township, school district, or incorporated district of this Commonwealth, are hereby made taxable in the year one thousand nine hundred and nineteen, and annually thereafter, for State purposes, at the rate of four mills on each dollar of the nominal value thereof."

Several provisos are added to said section 17 following this quotation. Among these provisos is one to which you have made special reference, which reads as follows: "And provided further, that the provisions of this act shall not apply to fire companies, firemen's relief associations, life or fire insurance corporations having no capital stock, secret and beneficial societies, labor unions and labor union relief associations, and all beneficial organizations paying sick or death benefits, or either or both, from funds received from voluntary contributions or assessments upon members of such associations, societies or unions."

The inquiry which you have made raises two problems: First, do the words in said proviso "from funds received from voluntary contributions or assessments upon members of such associations, societies or unions" modify the expression "life or fire insurance corporations;" and, second, if it is determined that said words do modify the expression "life or fire insurance corporations," then do the words "voluntary contributions or assessments" include corporations collecting a premium at the time the policy is issued—a cash policy, as you have termed it?

Let us consider the first problem; that is, whether the words "from funds received from voluntary contributions or assessments upon members of such associations, societies or unions" modify the expression "life or fire insurance corporations having no capital stock." Making an examination of this latter expression, it is to be noted immediately that we are dealing with corporations. The expression is: "Life or fire insurance *corporations.*" But in the case of the words "funds received from voluntary contributions or assessments upon members of such associations, societies or unions," we are dealing with associations, societies or unions. Therefore, it would appear to be clear that this expression cannot be construed to modify the words "life or fire insurance corporations," for the reason that these corporations are not "associations, societies or unions."

A study of the act in question as a whole does not shed further light on the intention of the legislature. Consequently, let us give some consideration to the rules of construction applicable to cases of this character. Endlich on "Interpretation of Statutes," § 414, says: "The strict rule of grammar would seem to require, as a general thing, a limiting clause, or phrase, following several expressions to which it might be applicable, to be restrained to the last antecedent." Various cases are cited in support of the application of this principle, except where the manifest object of the enactment in question suggests otherwise.

In 2 Lewis's "Sutherland Statutory Construction" (2nd ed.), § 420, this rule of construction referred to by Endlich is also set forth with further authorities in support thereof.

By applying this rule of construction to the matter at issue, the expression "from funds received from voluntary contributions or assessments upon members of such associations, societies or unions" only modifies the expression

which it follows; that is, "secret and beneficial societies, labor unions and labor union relief associations and all beneficial organizations paying sick or death benefits."

It is also clear that the qualifying and limiting phrase which does modify the expression "fire or life insurance corporations" is "having no capital stock." This particular qualification immediately follows these words and directly modifies and applies to them.

In light of the fact, therefore, that we have concluded that the expression "from funds received from voluntary contributions or assessments upon members of such associations, societies or unions" does not modify or qualify the phrase "life or fire insurance corporations having no capital stock," it is unnecessary to consider the second problem hereinbefore referred to.

The expression "life or fire insurance corporations having no capital stock" is general. The fact that some of these corporations may issue policies on solely a cash premium basis, as authorized by the law, does not change the situation with respect to such corporations.

You are, therefore, advised that all life insurance corporations having no capital stock, and all fire insurance companies having no capital stock, are not subject to the provisions of the Pennsylvania Loans Tax Act of June 17, 1913, P. L. 507, as amended, the last amendment being the Act of July 13, 1923, P. L. 1085, which you have expressly referred to.

From C. P. Addams, Harrisburg, Pa.